1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

SRK RESIDENTIAL COMMUNITIES
LLC, LAKE BERKLEY RESORT
MASTER ASSOCIATION, INC., THE
MANORS AT LAKE PERKELY HOME
OWNERS ASSOCIATION, INC.,,

      Plaintiffs/Appellants,

      v.

LEIDA OTERO-RIVERA,

      Defendant/Appellee.

———————————————————

U.S. TRUSTEE,

      Interested Party.

Civil No. 15-1080 (JAF)

(Bankr. No. ADV 11-00043 (ESL12))

5
6

7                              **<u>OPINION AND ORDER</u>**

8         Appellant SRK Residential Communities LLC ("SRK"), Lake Berkley Resort

9 Master Association, Inc. ("Lake Berkley"), and The Manors at Lake Berkley Home

10 Owners Association, Inc. ("The Manors") (collectively "Appellants"), appeal from an

11 opinion and order written by the Bankruptcy Court for the District of Puerto Rico under

12 28 U.S.C. § 158, wherein the court denied their motion to set aside a judgment that was

13 adverse to them.   (Docket Nos. 1, 1-2.)   For the following reasons, we affirm the

14 Bankruptcy Court's ruling.

1                                           **I.**

2                                  <u>**Background**</u>

3        This case began on February 14, 2011.  (Docket No. 4-1.) [1]   As the Bankruptcy

4   Court later described: "[Appellants] had actual knowledge that the [Appellee] had filed

5   for bankruptcy, and yet they forged ahead with aggressive and unambiguous actions

6   intended to collect directly from the [Appellee] pre-petition debts due to them."  (Docket

7   No. 4-1 at 244.)    On January 21, 2014, the Bankruptcy Court entered a default partial

8   judgment against Appellants on the issue of liability after Appellants failed to file a reply

9   showing cause why partial summary judgment should not be granted against them.

10  (Docket No. 4-1 at 226-228.)  Appellants then failed to appear at the hearing on damages.

11  The hearing was held as scheduled, and "the [Appellant's] testimony, which the court

12  found credible, and the documents submitted constitute[d] the evidence heard by the

13  court."  (Docket No. 4-1 at 226.)  On May 29, 2014, the Bankruptcy Court entered a

14  default judgment and order declaring that Appellants were jointly and severally liable to

15  the Appellees for having willfully violated the automatic stay, and awarding the

16  Appellees actual damages in the amount of $23,750 for lost rent, $2,000 for maintenance

17  fees retained, $2,500 for travel expenses to Florida, $100,000 for emotional damages,

18  $100,000 in punitive damages, and attorney's fees.  (Docket No. 1-2 at 1.)

19        On October 6, 2014, Appellants asked that the Bankruptcy Court set aside the

20  default judgement, alleging that they did not receive notice of the legal proceedings by

---

[1] Meanwhile, a November 20, 2013 hearing was held in the lead case, in which Appellee's main bankruptcy case was dismissed.  However, Appellee moved this bankruptcy court to retain jurisdiction over the instant proceeding, and it granted that request on January 21, 2014.  (Docket No. 4-1 at 227-228.)

1   their attorneys, and that they could, therefore, not be held responsible for them.  (Docket

2   No. 1-2 at 1-2.)  Specifically, Appellants submitted an affidavit from Stephen Klosterman

3   ("Klosterman"), the President and CEO of SRK and the authorized agent for the other

4   Appellant entities.  (Docket No. 4-1 at 286- 289.)  Klosterman stated that he emailed

5   Attorney Maxwell on March 29, 2013, and threatened to report him to the bar if he did

6   not provide updates on the cases.  Klosterman states that he emailed Attorney Maxwell

7   again on April 2, 2013, requesting a status update because he had received no updates on

8   the case "in well over a year." (Docket No. 4-1 at 287.)   Klosterman then states that on

9   April 9, 2013, he emailed Attorney Maxwell and "instructed him that the 'Board wants

10   all pending legal matters to be transferred to' another law firm."  (Docket No. 4-1 at 288.)

11   Other than filing a "grievance procedure" with the Florida bar, Appellants took no further

12   action for about a year.  (Docket No. 4-1 at 288.)  Klosterman finally stated that "[a]s

13   soon as we learned of the situation late in August [2014], we retained the services of

14   Ferraiuoli, LLC, who proceeded to assume legal representation."  (Docket No. 4-1 at

15   288.)

16        On December 10, 2014, the Bankruptcy Court denied the motion to set aside

17   judgment, writing that "[i]n consideration of the totality of the record, the court does not

18   find that the Defendant's allegations in their *Motion to Set Aside Judgement* (Docket

19   No. 74) constitute unique or extraordinary circumstances that demonstrate excusable

20   neglect under Fed. R. Civ. P. 60(b)(1)."  (Docket No. 1-2 at 5.)

21        On January 28, 2015, Appellants filed a notice of appeal in our court, challenging

22   the Bankruptcy Court ruling.  (Docket No. 1.)  Appellant filed a supporting brief, and

Civil No. 15-1080 (JAF)                                                    -4-

1  Appellee filed a brief in opposition.  (Docket Nos. 9, 11.)  Appellants filed an emergency

2  motion to stay the judgment, and we denied their motion, stating that such relief must

3  first be sought from the bankruptcy court.  (Docket No. 16.)  Appellants then filed a reply

4  to Appellee's opposition brief.  (Docket No. 21.)

5                                              **II.**

6                                         **Jurisdiction**

7         According to Rule 8002 of the Federal Rules of Bankruptcy Procedure, a notice of

8  appeal must be filed within fourteen (14) days after entry of the judgment, order, or

9  decree being appealed.  Fed. R. Bankruptcy Pro. 8002.  The order being appealed is the

10  December 10, 2014, denial of the motion to set aside judgment.  (Docket No. 1-2 at 5.)

11  Appellants filed their notice of appeal on December 24, 2014.   (Docket No. 1-1.)

12  Therefore, we have jurisdiction to rule on this motion.

13                                             **III.**

14                                         **Analysis**

15         According to the First Circuit, "The bankruptcy court's legal conclusions engender

16  de novo review, but its factual findings are examined only for clear error."  *In re Redondo*

17  *Const. Corp.*, 678 F.3d 115, 120-21 (2012).  Further "an appeal from the denial of a Rule

18  60(b) motion is not a surrogate for a seasonable appeal of the underlying judgment."

19  *Nansamba v. North Shore Medical Center, Inc.* 727 F.3d 33, 37 (1st Cir. 2013) (internal

20  citations omitted).  We "review the grant or denial of a Rule 60(b) motion only for abuse

21  of discretion." *Rivera-Velazquez v. Hartford Steam Boiler Inspection and Ins. Co.*, 750

22  F.3d 1, 4 (1st Cir. 2014).

Appellants argue that the Bankruptcy Court abused its discretion because this case presented "exceptional circumstances under Rule 60(b) of the Federal Rules of Civil Procedure." (Docket No. 9 at 9.)  "[R]elief under Rule 60(b) is extraordinary in nature" so we rarely grant motions under this rule.  *Rivera-Velazquez*, 750 F.3d at 3(internal citations omitted).  A party seeking such relief,

> [m]ust establish, at the very least, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or dense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.

*Id.* at 4 (internal citations omitted).  Rule 60(b) enumerates six specific grounds for relief and Appellants ask for relief under two of those -- Rule 60(b)(1) and Rule 60(b)(6). (Docket No. 9 at 24.)

**A.      <u>Rule 60(b)(1)</u>**

Rule 60(b)(1) states that a final judgment may be overturned for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Appellants argue that their counsel's failure to communicate with them constituted "excusable neglect." (Docket No. 9.)  "Deciding what constitutes excusable neglect is a case-specific exercise, which requires an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission," and that the most important factor is the reason for the particular oversight. *Rivera-Velazquez*, 750 F.3d at 4 (internal citations omitted).  As stated by the First Circuit, "Rule 60(b)(1) requires more than a showing of

1    neglect simpliciter; it requires a further showing that the neglect is excusable."

2    *Nansamba*, 727 F.3d at 38.

3              Unfortunately for Appellants, "an attorney's actions within the scope of her

4    representation bind her clients.  A corollary of this proposition is the sad fact – but the

5    fact nonetheless – that the sins of the attorney are sometimes visited upon the client."

6    *Rivera-Velazquez*, 750 F.3d at 2 (holding that there was no excusable neglect in a case

7    where the appellant had remained silent for months in the face of several court orders).

8    As the First Circuit has stated,

9                        [i]n litigation matters, lawyers act for their clients; and this
10                       case is not the first (nor will it be the last) in which the
11                       failings of an attorney are visited upon her client.  After all, it
12                       is settled beyond hope of contradiction that the neglect of an
13                       attorney acting within the scope of his or her authority is
14                       attributable to the client.
15
16   *Rivera-Velazquez*, 750 F.3d at 6 (internal citations omitted).  From Appellants' own

17   affidavit, it appears that Appellants did not receive any communications from their

18   lawyer since April 2012, at the earliest, yet they did not retain new counsel until August

19   2014.  (Docket No. 4-1 at 287-88.)  Appellants provided no reason why they waited over

20   two years to hire an attorney who would respond to their inquiries about a pending case.

21   This simply does not constitute "excusable neglect."  *See Nansamba*, 727 F.3d at 38.

22   **B.**     **Rule 60(b)(6)**

23             Rule 60(b)(6) states that a final judgment may be overturned for "any other reason

24   that justifies relief."  However, "Rule 60(b)(6) and Rule 60(b)(1) are mutually exclusive.

25   Where, as here, a party's asserted basis for relief falls squarely within the compass of

Civil No. 15-1080 (JAF)                                                                   -7-

1   Rule 60(b)(1), Rule 60(b)(6) is not available."  *Rivera-Velazquez*, 750 F.3d at 4 (internal

2   citations omitted).

3                                              **III.**

4                                       <u>**Conclusion**</u>

5          For the foregoing reasons, we find that the Bankruptcy Court did not abuse its

6   discretion in denying the motion to set aside judgment.   Therefore, we **AFFIRM** the

7   Bankruptcy Court's ruling.  (Docket Nos. 1-2).

8          **IT IS SO ORDERED.**

9          San Juan, Puerto Rico, this 30th day of  June, 2014.

10                                                    <u>S/José Antonio Fusté</u>
11                                                    JOSE ANTONIO FUSTE
12                                                    U. S. DISTRICT JUDGE